**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-5324**

———————

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

CHRISTOPHER LEE SMITH,

          Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Spartanburg. Henry F. Floyd, District Judge. (7:08-cr-00453-HFF-1)

———————

Submitted: June 27, 2011        Decided: August 18, 2011

———————

Before NIEMEYER, KING, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. Alan Lance Crick, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Lee Smith pled guilty without a plea agreement to possession with intent to distribute 500 grams or more of cocaine and possession with intent to distribute a quantity of cocaine and fifty grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006). The district court sentenced him to 168 months' imprisonment, the bottom of the Guidelines range. In his Anders[1] brief, Smith's appellate counsel states there are no meritorious issues for appeal but asks the court to review the reasonableness of Smith's sentence and whether Smith's trial counsel rendered ineffective assistance at sentencing.[2] We affirm.

Although counsel suggests that the sentence is unreasonable, he points to no specific error. Appellate courts review a sentence for reasonableness, applying an abuse of

---

[1] Anders v. California, 386 U.S. 738 (1967).

[2] In his pro se supplemental brief, Smith likewise argues that his attorney at sentencing rendered ineffective assistance. This court "may address [claims of ineffective assistance] on direct appeal only if the lawyer's ineffectiveness conclusively appears from the record." United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). We conclude that Smith fails to meet this standard and decline to address these claims in this direct appeal. Smith also contends on appeal that he should be resentenced in accordance with the Fair Sentencing Act of 2010. His claim is foreclosed by our decision in United States v. Bullard, __ F.3d __, __, 2011 WL 1718894, at *9-*11 (4th Cir. May 6, 2011) (No. 09-5214).

discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The court reviews first the reasonableness of the process by which the sentencing court arrived at its decision and then reviews the reasonableness of the sentence itself. Id. Because counsel did not argue for any certain sentence, our review is for plain error. See United States v. Lynn, 592 F.3d 572, 577-78, 580 (4th Cir. 2010); see also United States v. Hernandez, 603 F.3d 267, 270 (4th Cir. 2010) (reviewing claim of procedural unreasonableness for plain error because defendant did not argue for sentence different from sentence he received).

In determining the procedural reasonableness of a sentence, we consider whether the district court properly calculated the Guidelines range, treated the Guidelines as advisory, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 51. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). Where, as here, the district court imposed a within-Guidelines sentence, the explanation may be "less extensive, while still individualized." United States v. Johnson, 587 F.3d 625, 639

(4th Cir. 2009), cert. denied, 130 S. Ct. 2128 (2010).  However, that explanation must be sufficient to allow for "'meaningful appellate review,'" Carter, 564 F.3d at 330 (quoting Gall, 552 U.S. at 50), such that the appellate court need "not guess at the district court's rationale."  Id. at 329.

Here, the district court properly calculated Smith's Guidelines range.  Although the district court did not give a reasoned explanation for the sentence it imposed,[3] the record does not indicate that the court might have imposed a lower sentence.  See Hernandez, 603 F.3d at 273 (stating that error affects substantial rights if defendant "show[s] that, absent the error, a different sentence might have been imposed").  Because Smith cannot show that the error prejudiced his substantial rights, we conclude that the district court committed no reversible procedural error.

We next assess the substantive reasonableness of the sentence, "taking into account the 'totality of the circumstances, including the extent of any variance from the Guidelines range.'"  United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (quoting Gall, 552 U.S. at 51).  Where, as here, a defendant's sentence falls within the Guidelines range, the

---

[3] We note that the district court did not have the benefit of our decisions in Carter, Lynn, and Hernandez at the time it sentenced Smith.

4

district court's decision enjoys a presumption of reasonableness. <u>United States v. Allen</u>, 491 F.3d 178, 193 (4th Cir. 2007) ("A sentence within the proper Sentencing Guidelines range is presumptively reasonable."). Smith has failed to rebut that presumption of reasonableness.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Smith, in writing, of the right to petition the Supreme Court of the United States for further review. If Smith requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Smith. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>